## VERGE JACKSON v. THE STATE.

### No. 1778.   Decided May 15, 1912.

**Murder—Charge of Court—Self-Defense.**

Where, upon trial of murder, the defendant was convicted of manslaughter, and the evidence showed that in shooting at E. in self-defense, the defendant shot D., who was an innocent bystander, the court should have submitted self-defense to the jury.

Appeal from the District Court of San Jacinto.   Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*J. V. Lea, Wm. McMurrey* and *J. M. Hansboro,* for appellant.— On · the question of the court's failure to charge on self-defense: Glover v. State, 33 Texas Crim. Rep., 224; Glaze v. State, 45 S. W. Rep., 903; Parnell v. State, 50 Texas Crim. Rep., 419.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of manslaughter, his punishment being assessed at five years confinement in the penitentiary.

Reversal is asked because of the failure of the court to charge upon the issue of self-defense.   A brief summary of the testimony will disclose there was what the witnesses call a "birthnight party" at the house under the control of Richard Eldridge.   A play of some sort was going on in one of the rooms.   Virgil Carter, a nephew of appellant, interfered with the play, and was put out of the house roughly by Eldridge.   In putting him out of the house Eldridge struck Carter in the mouth, causing it to bleed.   A brother of Carter came up and asked what it meant.   Eldridge told him that he had put Virgil Carter out and if he were to do the same way he would put him out. Eldridge states that about that time he heard some one in the yard remark, "I will kill him," but did not know who made the remark. The fact that this remark or threat was made was controverted.   Upon hearing this Eldridge says he went in the room and got a shotgun,

which was taken away from him. Some of the witnesses testified that when this gun was taken away from him Eldridge went back into the room and got another shotgun, which was also taken from him. He returned where the crowd was collected on the gallery or in the hallway. The testimony as to the immediate facts is in considerable confusion as to whether or not appellant put his hand in his bosom or jumper where he subsequenty got his pistol before Eldridge drew a whisky bottle of quart size in a striking attitude. At the time the shot was fired Eldridge had the bottle drawn. The shot missed Eldridge and hit Denson, which resulted fatally in about twenty-four hours. There seems to be no question of the fact that appellant had nothing against Denson, and may not have seen him, but be that as it may, if appellant fired the shot, it was fired at Eldridge and not at Denson. This puts the case as strongly for the State as the record admits. Facts might be collated which places the evidence somewhat weaker for the State.

This brief summary is made in view of the contention that self-defense is in the case. The court did not submit the issue of self-defense. If appellant shot at Eldridge under the circumstances stated, we are of opinion that self-defense was an issue. Eldridge had gotten two guns which were taken away from him. He then returned to the scene of the trouble and about the time he returned appellant came upon the scene. It is left in doubt as to whether Eldridge made the first demonstration with the quart bottle, or appellant placed his hand where he subsequently got his pistol. Twice Eldridge had gotten a shotgun and came out from the room where the crowd was, both of which were taken from him. Under these circumstances we are of opinion that the issue of self-defense was in the case so far as it related to the witness Eldridge. If it was in the case as to Eldridge, then it unquestionably was in the case as to Denson. If in shooting at Eldridge, from the standpoint of self-defense, he shot an innocent bystander, the offense *could be no higher* than it would have been had appellant shot Eldridge. This being so, it would follow that it was in the case as against the unintentional shooting of Denson. The authorities in this State are clear upon this question, and it is unnecessary to cite them.

Because the court failed to charge upon the issue of self-defense, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*